# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Robert Dontay Hall, | : |
| | : Case No: 1:20-cv-2176-SCJ-JKL |
| Plaintiff, | : |
| | : |
| v. | : Judge: Steve C. Jones |
| | : |
| Midwest Recovery Systems, LLC, | : |
| | : Answer to Complaint |
| Defendant. | : |
| | : |

Now comes Defendant Midwest Recovery Systems, LLC ("MRS") and provides the following for its Answer to Plaintiff Robert Dontay Hall's ("Plaintiff") Complaint.

**Complaint 1.** Plaintiff, Robert Dontay Hall, is a natural person who resides in Washington County, Georgia.

**Answer 1.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 1 and therefore MRS denies Paragraph 1.

**Complaint 2.** Defendant, Midwest Recovery Systems, LLC (hereinafter referred to as Midwest), is a limited liability corporation formed under the laws of the State of Missouri. Defendant may be served with process via its registered agent, CSC Corporation, at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

**Answer 2.** MRS admits Paragraph 2.

**Complaint 3.** This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

**Answer 3.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 3 and therefore MRS denies Paragraph .

**Complaint 4.** This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

**Answer 4.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 4 and therefore MRS denies Paragraph 4.

**Complaint 5.** Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Answer 5.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 5 and therefore MRS denies Paragraph 5.

**Complaint 6.** Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

**Answer 6.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 6 and therefore MRS denies Paragraph 6.

**Complaint 7.** Plaintiff is a 26 year old man with deteriorating health. He suffers from Marfan Syndrome. He is disabled per the Social Security Administration and unable to engage in competitive employment.

**Answer 7.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 7 and therefore MRS denies Paragraph 7.

**Complaint 8.** Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

**Answer 8.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore MRS denies Paragraph 8.

**Complaint 9.** Defendant is a collection agency specializing in the collection of consumer debt.

**Answer 9.**     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore MRS denies Paragraph 9.

**Complaint 10.**     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

**Answer 10.**     MRS admits that it uses interstate commerce for the collection of past due accounts but lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations under Paragraph 10 and therefore MRS denies the remaining allegations under Paragraph 10.

**Complaint 11.**     Defendant markets itself as providing healthcare recovery systems allowing its clients to increase revenue and lower accounts receivable through first party recovery and third party debt collection and litigation. mrs-direct.com/accounts-receivable.html. (Last visited March 24, 2020.)

**Answer 11.**     MRS admits Paragraph 11.

**Complaint 12.**     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

**Answer 12.**     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 12 and therefore MRS denies Paragraph 12.

**Complaint 13.**     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**Answer 13.**     MRS admits Paragraph 13.

**Complaint 14.**     As a result of Plaintiff's disability and inability to engage in regular employment, he has become delinquent on a number of accounts, most resulting from medical treatment.

**Answer 14.**     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 14 and therefore MRS denies Paragraph 1.

**Complaint 15.**     As part of an ongoing effort to get his financial affairs in order, the Plaintiff obtained a copy of his credit report as published by Transunion in November 2020.

**Answer 15.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 15 and therefore MRS denies Paragraph 15.

**Complaint 16.**   The Plaintiff was unfamiliar with an account reported by Defendant as in collection.

**Answer 16.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 16 and therefore MRS denies Paragraph 16.

**Complaint 17.**   On or about December 5th 2019, Plaintiff initiated a call to Defendant to obtain more information.

**Answer 17.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 17 and therefore MRS denies Paragraph 17.

**Complaint 18.**   After verifying the Plaintiff's identity through his social security number and date of birth, the Defendant confirmed that it was collecting a medical bill on behalf of Cascade Capital, LLC, a national debt buyer specializing in defaulted medical debt, in the amount of $1,180.00.

**Answer 18.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 18 and therefore MRS denies Paragraph 18.

**Complaint 19.**   The Defendant further informed the Plaintiff that the medical service was delivered and the debt incurred on October 9th, 2015.

**Answer 19.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 19 and therefore MRS denies Paragraph 19.

**Complaint 20.**   The Plaintiff informed the Defendant that he was permanently disabled and unable to engage in employment and inquired as to the effects if he simply was unable to pay the debt.

**Answer 20.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 20 and therefore MRS denies Paragraph 20.

**Complaint 21.**   The Defendant began to propose options for the Plaintiff and emphasized that he could resolve the debt by making periodic monthly payments over the course of a 12-month period.

**Answer 21.**  MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 21 and therefore MRS denies Paragraph 21.

**Complaint 22.**  As of the date of Defendant's conversation with Plaintiff, the debt that it was collecting was beyond the applicable statute of limitations. However, if Plaintiff had made any partial payment as recommended and requested by the Defendant, it would have had the effect of renewing the statute of limitations for the entire debt in collection.

**Answer 22.**  MRS denies all allegations in Paragraph 22.

**Complaint 23.**  At no time during the course of its conversation with the Plaintiff did the Defendant advise Plaintiff that the statute of limitations had expired or that the partial payment it was requesting would renew that statute of limitations.

**Answer 23.**  MRS denies all allegations in Paragraph 23.

**Complaint 24.**  During the course of their conversation, the payment advised the Defendant that he was taking a number of indications and that he in fact had recently had open heart surgery. He requested that the Defendant refrain from calling him regarding this debt between 8 a.m. and 5 p.m. as to the results of the side effects of his medication.

**Answer 24.**  MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 24 and therefore MRS denies Paragraph 24.

**Complaint 25.**  Defendant responded by assuring Plaintiff that it would take his number out of its system and would not call the Plaintiff at all asking only that the Plaintiff call when he was able to commit to some sort of partial payment.

**Answer 25.**  MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 25 and therefore MRS denies Paragraph 25.

**Complaint 26.**  Notwithstanding the Plaintiff's request and the acknowledge and representation of the Defendant, the Defendant placed a call seeking collection of the debt to the Plaintiff on February 19th, 2020, at 9:56 a.m.

**Answer 26.**  MRS lacks information or knowledge sufficient to form a belief about

the truth of Paragraph 26 and therefore MRS denies Paragraph 2.

**Complaint 27.** A reproduction of a screenshot from the Plaintiff's cell phone evidencing this phone call appears below,

**Answer 27.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 27 and therefore MRS denies Paragraph 27.

**Complaint 28.** The FDCPA provides consumers with " statutorily- created rights to be free from `being subjected to false, deceptive, unfair, or unconscionable means to collect a debt."' *McCamis v. S'ervis One, Inc.,* No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.,* 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

**Answer 28.** MRS states that the FDCPA speaks for itself and paragraph 28 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 28.

**Complaint 29.** An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church,* at 993, quoting *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

**Answer 29.** MRS denies all allegations in Paragraph 29.

**Complaint 30.** Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis,* at 4, citing *Church,* at 3.

**Answer 30.** MRS denies all allegations in Paragraph 30.

**Complaint 31.** Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

**Answer 31.** MRS denies all allegations in Paragraph 31.

**Complaint 32.** Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

**Answer 32.** MRS denies all allegations in Paragraph 32.

**Complaint 33.** As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

    b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

    c.) Anxiety and worry caused by phone calls made at times known by Defendant to be inconvenient to the Plaintiff.

**Answer 33.** MRS denies all allegations in Paragraph 33 and each of it's sub-parts.

**Complaint 34.** Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

**Answer 34.** MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 35.** A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer

**Answer 35.** MRS states that the FDCPA speaks for itself and paragraph 35 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 35.

**Complaint 36.** The calls made by the Defendant and described in enumerations 26 and 27 infra were made with the actual knowledge that they would not only be inconvenient for the Plaintiff, but would actually be difficult for him to handle competently.

**Answer 36.** MRS denies all allegations in Paragraph 36.

**Complaint 37.**     The calls made by Defendant and referenced herein violated 15 U.S.C. § 1692c(a)(1).

**Answer 37.**     MRS denies all allegations in Paragraph 37.

**Complaint 38.**     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

**Answer 38.**     MRS states that the FDCPA speaks for itself and paragraph 38 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 38.

**Complaint 39.**     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin,* LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

**Answer 39.**     MRS states that the FDCPA speaks for itself and paragraph 39 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 39.

**Complaint 40.**     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners, 601* F.3d 1185, 1194 (1 lth Cir. 2010) (per curiam).

**Answer 40.**     MRS states that the FDCPA speaks for itself and paragraph 40 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 40.

**Complaint 41.**     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n,* No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (l lth Cir. Nov. 12, 2019), quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993)

**Answer 41.**     MRS states that the FDCPA speaks for itself and paragraph 41 does not require a response. To the extent that it does require a response, MRS denies the

allegations in paragraph 41.

**Complaint 42.**   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

**Answer 42.**   MRS denies all allegations in Paragraph 42.

**Complaint 43.**   Defendant's representations that it would remove the Plaintiff's phone number from its system and assurance that he would not be called thereafter were objectively false and materially misleading and a violation of 15 U.S.C. § 1692e and 1692e(10).

**Answer 43.**   MRS denies all allegations in Paragraph 43.

**Complaint 44.**   Defendant's encouragement of the Plaintiff to make partial payments, thus renewing an expired statute of limitations, without disclosing the renewing effect, is misleading and an unfair collection practice in violation of 15 U.S.C. §§ 1692e and 1692f. *Pantoja v. Portfolio Recovery Assocs., L.L. C.,* 852 F.3d 679 (7th Cir. 2017)

**Answer 44.**   MRS denies all allegations in Paragraph 44.

**Complaint 45.**   Plaintiff incorporates by reference paragraphs 1 through 33 and 35 through 44 as though fully stated herein.

**Answer 45.**   MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 46.**   O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA")

**Answer 46.**   MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 46 and therefore MRS denies Paragraph 46.

**Complaint 47.**   The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

**Answer 47.**   MRS states that the GFBPA speaks for itself and paragraph 47 does

not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 47.

**Complaint 48.** O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

**Answer 48.** MRS states that GFBPA speaks for itself and paragraph 48 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 48.

**Complaint 49.** O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

**Answer 49.** MRS states that the GFBPA speaks for itself and paragraph 49 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 49.

**Complaint 50.** Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

**Answer 50.** MRS denies all allegations in Paragraph 50.

**Complaint 51.** Defendant's conduct has implications for the consuming public in general.

**Answer 51.** MRS denies all allegations in Paragraph 51.

**Complaint 52.** Defendant's conduct negatively impacts the consumer marketplace.

**Answer 52.** MRS denies all allegations in Paragraph 52.

**Complaint 53.** Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

**Answer 53.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 53 and therefore MRS denies Paragraph 53.

**Complaint 54.**     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

**Answer 54.**     MRS denies all allegations in Paragraph 54.

**Complaint 55.**     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

**Answer 55.**     MRS denies all allegations in Paragraph 55.

**Complaint 56.**     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

**Answer 56.**     MRS denies all allegations in Paragraph 56.

**Complaint 57.**     Plaintiff is entitled, to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

**Answer 57.**     MRS denies all allegations in Paragraph 57.

**Complaint 58.**     Plaintiff is entitled to and hereby requests a trial by jury.

**Answer 58.**     MRS admits that Plaintiff has requested a trial by jury but denies any remaining allegations in paragraph 58.

## ADDITIONAL DEFENSES

### Failure to State a Claim

1. Plaintiff failed to state claim upon which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### Bona Fide Error Defense

2.   To the extent that MRS is found to have violated the law, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Plaintiff's requested relief denied, and MRS should be awarded its costs and fees in defending this action.

This 3rd day of September, 2020.   Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145
John H. Bedard. Jr.
Georgia Bar No. 043473

Attorneys for Defendant,
Midwest Recovery Systems, LLC

Bedard Law Group, P.C.
4855 River Green Parkway, Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
E-mail: mchapman@bedardlawgroup.com
E-mail: jbedard@bedardlawgroup.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 3rd day of September, 2020.   Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ROBERT DONTAY HALL,** )<br>) | **CIVIL ACTION NO.:** |
| **Plaintiff,** ) | **1:20-cv-02176-SCJ-JKL** |
| )<br>**v.** )<br>) | |
| **MIDWEST RECOVERY** )<br>**SYSTEMS, LLC,** )<br>) | |
| **Defendant.** )<br>_____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed this Answer to Plaintiff's Complaint using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Matthew T. Berry
matt@mattberry.com

This 3rd day of September, 2020.    Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

13